# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WENDY L. HOEHN,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:10-cv-262-Orl-DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income. For the reasons set forth herein, the decision of the Commissioner is **REVERSED and REMANDED**.

## Procedural History

Plaintiff filed an application for Disability Insurance Benefits and an application for Supplemental Security Income, alleging that she became disabled on September 12, 2005 (R. 92-94; 508-10). The applications were denied initially and upon reconsideration, and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") (R. 51-65). On June 17, 2008, following the hearing, the ALJ issued an unfavorable decision (R. 17-33A). The Appeals Council denied Plaintiff's request for review (R. 6-9), rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481, 422.210(a) (2010).[1] This action timely followed (Doc. No. 1), and the parties consented to the jurisdiction of the undersigned United States Magistrate

---

[1] Plaintiff asserts, without record support, that she filed a second application for benefits on September 30, 2008, and received a fully favorable decision (Doc. No. 15 at 1-2). At issue here, however, are the instant applications. The ultimate success of a subsequent application is not before the Court and is not relevant to the issues presented by this appeal.

Judge. The parties have briefed the issues and the matter is ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Nature of Claimed Disability

Plaintiff alleged disability as of September 12, 2005, due to depression, bipolar disorder, obsessive-compulsive disorder, and a back injury (R. 100).

*Summary of Evidence Before the ALJ*

At the time of the ALJ's decision, Plaintiff was 47 years old (R. 525), a high school graduate with some college, and vocational training as an L.P.N. (R. 106, 526). Her work experience includes work as a certified hospital central service technician and surgical instrument technician (R. 108-10). Plaintiff worked part-time as a cashier at Publix from March 2006 through (at least) the date of the hearing in April 2008 (R. 160-66; 527-528).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes the opinions of consultative examiners and those of non-examining state agency consultants, the forms and reports completed by Plaintiff with respect to this claim, as well as the testimony at the administrative hearing of Plaintiff, her father, and a Vocational Expert. By way of summary, the ALJ found that Plaintiff had a severe combination of impairments: obesity, back pain, asthma, affective disorder, panic attacks, and borderline personality disorder (R. 19), and the record supports this uncontested finding. The ALJ determined that Plaintiff's impairments did not meet or medically equal one of the impairments listed in the Listing of Impairments (the Listings), 20 C.F.R. pt. 404, subpt. P, app. 1 (R. 20-28), and determined that Plaintiff retained the residual functional capacity ("RFC") to perform a modified range of sedentary work, finding that she: (1) can lift up to 15 pounds occasionally; (2) can do no prolonged standing without breaks; (3) can stand/walk up to 2 hours in

an 8-hour day; (4) can do unlimited pushing/pulling; (5) is mildly restricted in daily functioning activities; mildly restricted in maintaining social functioning; and moderately restricted in maintaining concentration, persistence, or pace without episodes of decompensation; and (6) can perform simple, routine, repetitive tasks (R. 28). The ALJ determined Plaintiff could not perform her past relevant work but, relying on the testimony of the Vocational Expert, found that there are jobs that exist in significant numbers in the national economy that the Plaintiff could perform, such as assembler and food/beverage order clerk (R. 543-44), and she was therefore not disabled (R. 33-33A).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d

at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## Issues and Analysis

In her brief, Plaintiff contends that the ALJ erred: 1) in failing to analyze Plaintiff's diagnosis of borderline intellectual functioning at the Step 2 analysis and at all subsequent steps; 2) in failing to give good cause for rejecting the opinions of the consultative and treating medical sources regarding her psychiatric conditions; 3) in relying on Plaintiff's ability to perform part time work as supportive of a finding that she was able to work in substantial gainful employment on a sustained basis; and 4) in formulating the RFC in that it "is based only upon the opinion of a non-examining state agency consultant." (Doc. No. 15 at 16). As set forth below, while the Court does not agree with all of these contentions, it is persuaded that remand is necessary.

**The finding at step two**

-4-

At a consultive exam on March 29, 2007, psychologist Stephen E. Nassar, Psy.D. examined Plaintiff and noted that she: (1) presented with a history of anxiety and depression off/on going back to her teens; (2) denied any symptoms consistent with bipolar disorder; (3) has a good work history and would like work at a secretarial job or go back into the medical field where she worked most of her life; (4) was cooperative, oriented, with appropriate speech, mildly depressed mood and affect; (5) displayed fair insight and judgment; and logical, sequential, fairly well-organized thought processes; and (6) had low average intelligence test results (R. 438-39). Dr. Nassar noted that a low average intellectual range corresponded with a diagnosis of Borderline Intellectual Functioning ("BIF") (R. 440). Plaintiff contends that the ALJ erred in failing to address whether Plaintiff's Borderline Intellectual Functioning was a "severe" impairment at step two of the sequential analysis, and in failing to determine its impact throughout the remaining steps.

An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 CFR § 404.1521.[2] An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 CFR §§ 404.1521, 416.921. The ALJ has a duty to consider all impairments, both singly and in combination, when making an analysis of disability. 20 C.F.R. § § 404.1523 and 416.923.

A remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Comm'r of Social Security,* 265 F.3d 1214, 1219 (11th Cir. 2001). A mere diagnosis, however, is insufficient to establish that an impairment is severe. *See Sellers v.*

---

[2]Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. *Rodriguez v. Astrue ,* 2011 WL 486118, 3 (M.D. Fla. 2011) (internal citations omitted).

*Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002). "The severity of a medically ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Id., citing McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir.1986). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). Thus, a "[c]laimant need show only that his impairment is not so slight and its effect not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir.1986).

Applied here, the ALJ set forth the findings of Dr. Nassar, including the diagnostic impression of BIF, in her decision (R. 27), but she did not identify BIF as a "severe" impairment at step two. The Plaintiff's burden at step two is light. However, "the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *see also Heatly v. Comm'r of Soc. Sec.*, No. 09-12426, 2010 WL 2331416, at *1 (11th Cir. June 11, 2010). Here, consistent with the regulations and applicable law, the ALJ credited Plaintiff with severe impairments at step two and proceeded forward with the sequential evaluation. Thus, if Plaintiff's BIF should have been included as severe at step two, the omission is only error if the ALJ subsequently failed to fully account for functional limitations arising from it.

Based upon review of the entire record, the Court is not convinced that a single diagnosis from a one-time consultative examiner establishes Plaintiff's BIF as "severe" within the meaning of step

two, and the record includes no evidence of functional limitations arising from it. As noted above, a mere diagnosis does not necessarily equate with a severe impairment. Plaintiff fails to point to any evidence that establishes that the impairment had more than a minimal effect on her ability to perform basic work activities. *See Moore v. Barnhart,* 405 F. 3d 1208, 1213 at n.6 (11th Cir. 2005). Plaintiff did not claim BIF as a disabling impairment, and no other physician, including her treating psychiatrist, diagnosed her with BIF, provided any treatment or support for that condition, or indicated that it resulted in vocational limitations. Even Dr. Nassar, finding Plaintiff's exam to be inconsistent with significant levels of depression, anxiety, mania, or psychosis, concluded that, from a psychological and emotional standpoint, Plaintiff "appears to be functioning fairly well," and opined that Plaintiff had a "reasonable chance" of returning to a job in the secretarial or medical field (R. 440-41). Indeed, Plaintiff *was* able to work, albeit part-time, as a cashier (R. 32). No error is shown.

**Weighing opinions**

Plaintiff also contends that the ALJ failed to give good cause for rejecting the opinions of the medical sources regarding her psychiatric conditions.

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

-7-

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d).

The ALJ must "state with particularity the weight he gave different medical opinions and the reasons therefore." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1986). As a general rule, a treating physician's opinion is normally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

The Eleventh Circuit recently clarified the standard the Commissioner is required to utilize when considering medical opinion evidence. In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. Jan. 24, 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, *supra)*. The Eleventh Circuit stated that " '[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.' " *Winschel*, 631 F.3d at 1178–79 (*quoting Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir.1981)).

-8-

As set forth in the administrative decision, there are numerous opinions from treating physicians, examining consultants, and non-examining consultants, as to the impact of Plaintiff's impairments. Plaintiff contends that the ALJ erred in rejecting the opinions of treating physicians and consultative examiners without sufficient explanation.  While the ALJ summarized the conclusions of the various doctors and examiners, and thus, obviously "considered" these opinions, the analysis of the opinions is insufficient for the required review.  The treatment of the opinions expressed by consultative psychologist Dr. Donald Stewart is illustrative.         On March 22, 2006, Plaintiff drove herself to the office of psychologist Donald A. Stewart, Psy.D., for a consultative interview and mental status examination (R. 291-92).  Dr. Stewart found Plaintiff exhibited appropriate grooming and hygiene, and was cooperative and responsive.  Posture and gait "were compromised by chronic pain." (R. 291).  Plaintiff reported that last worked in September 2005 at the hospital.[3] She reported: "I can't hold a job, I am too slow, I cry all the time." *Id.*

Dr. Stewart noted Plaintiff's reports that activities of daily living are accomplished slowly; and social functioning "is severely restricted" (R. 292).  He felt Plaintiff had a poor ability to complete tasks in a timely and appropriate manner; and felt that decompensation and deterioration under duress is likely with severe depressed episodes.  Concentration, persistence, and pace were deemed to be significantly impaired. *Id.*

Mental status examination showed reality based thought processes, with no evidence of hallucinations or delusions.  Mood was severely depressed with affect labile, but Plaintiff, though tearful, was oriented to person, place and time.  Both recent and remote memory were deemed compromised by psychiatric overlay, fund of information and intellect appeared to be within normal limits, and insight and judgment were deemed fair. *Id.* Dr. Stewart opined that Plaintiff's prognosis was poor, as she was "in a decompensated psychiatric condition with limited improvement through

---

[3]Plaintiff apparently did not disclose her part time work at Publix.

medication management." He concluded that continued treatment with a psychiatrist would improve Plaintiff's overall functioning and noted that she appeared capable of managing her benefits (R. 292).

The ALJ set forth this summary in detail in the administrative decision (R. 24-25). Nonetheless, Plaintiff contends that the ALJ "gave no explanation for her rejection of the opinion" that claimant's social functioning was severely restricted, and no support for her finding that claimant suffered only mild difficulties in social functioning. Plaintiff further contends that the ALJ "never explained why she rejected Dr. Stewart's opinion that concentration, persistence and pace were significantly impaired." Finally, Plaintiff objects to the ALJ's finding that Plaintiff experienced no episodes of decompensation (R. 20), as "the ALJ failed to refer to, analyze, or explain why she rejected Dr. Stewart's statement on 3/28/06 that the claimant was currently in a decompensated psychiatric condition with limited improvement through medication management." (Brief - pp. 11-15).

As properly noted by the Commissioner, as a one-time examiner, Dr. Stewart is not a treating physician and his opinion is not afforded special deference or weight. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (one-time examiners are not treating physicians, and "their opinions are not entitled to deference"). While not entitled to the deference of a treating physician, under *Winschel,* the ALJ still must set forth *with particularity* the weight she assigned to this opinion, and the rationale for the rejection of the most significant findings. Instead of a clear rationale, the ALJ inexplicably cited Dr. Stewart's report as support for conclusions which are substantially the *opposite* of Dr. Stewart's opinion. The ALJ found:

> In social functioning, the claimant has mild difficulties. The claimant testified that she gets upset, cries, is scared to go out of her comfort zone, and is scared to go to work. At the mental evaluation of March 28, 2006, the doctor indicated that her social functioning was severely restricted, despite the claimant's ability to work (Exhibit 6F).
>
> With regard to concentration, persistence or pace, the claimant has moderate difficulties. At the mental evaluation the doctor indicated that the claimant's concentration , persistence and pace were significantly impaired. \*\*\*

-10-

>As for episodes of decompensation, the claimant has experienced no episodes of decompensation.

(R. 20).

While the Commissioner attempts to show that the conclusions of the ALJ (that claimant has mild difficulties in social functioning, moderate difficulties in concentration, persistence or pace, and no episodes of decompensation) have *other* record support, *the ALJ* did not offer these reasons for rejecting Dr. Stewart's opinion, and it is inappropriate, in a review context, to rely on such *post hoc* arguments. *See Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (noting the Court "decline[d] ... to affirm simply because some rationale might have supported the ALJ's conclusion").[4]

This analysis applies with equal force to the other medical opinions. On March 24, 2006, Homi S. Cooper, M.D., performed a neurological consultive exam of Plaintiff (R. 284-90). Dr. Cooper diagnosed marked depression and a history of bipolar disorder and obsessive compulsive disorder, and advised that "[b]ecause of her neuro-vegetative state and her slowness of movement, all movements would be done in a painfully slow manner inappropriate to a normal productive workplace" (R. 289-90). Dr. Cooper stated that the claimant "would have communicative limitations, secondary to her mental health diagnosis" (R. 290), and further stated that "work related mental activities, including understanding and memory, sustained concentration and persistence, social interaction and adaptation would be the main limiting factors for this person as a result of her mental health diagnosis." (R 289). The records of the treating physician, Christopher Nunes, M.D. and treating psychiatrist, Vijay Bhujang, M.D., also refer to Plaintiff's bipolar disorder, poorly controlled depression and anxiety, including related symptomology (R 263-70; R. 319-30). If these opinions are fully credited, an argument could well be made that the ultimate conclusion of no disability is not supported by substantial evidence.

---

[4]To be clear, the Court is not finding that substantial evidence does not support the ultimate conclusion of the ALJ. Rather, it finds that it cannot evaluate the conclusion, as the ALJ is not clear as to the weight given the various, and often conflicting, opinions in this case.

-11-

On the other hand, as pointed out by the Commissioner, other evidence (including the opinions of the non-examining state agency consultants and portions of the opinions of the treating and examining consultants) is inconsistent with the opinions relied upon by Plaintiff. As Judge Kelly recently noted in a similar case, however: "Without clearly stating the weight given to those medical opinions, it is impossible for the Court to determine whether the final decision is supported by substantial evidence, particularly in this case where the various medical opinions contain conflicting evidence." *Jusick v. Commissioner of Social Sec.,* 2011 WL 1059106, 11 (M.D. Fla. 2011). Remand is required for a more complete analysis and explanation of the weight given to the various and conflicting medical opinions in this case. This conclusion moots the remaining two objections raised by Plaintiff, which the Court finds to be without merit, in any event.[5]

As the administrative decision was not made in accordance with proper legal standards, it is **REVERSED and the matter is REMANDED** under sentence four of 42 U.S.C. § 405(g), with instructions to consider and explain the weight given to each of the medical opinions and to conduct any additional proceedings deemed appropriate. **The Clerk is directed to enter judgment accordingly, and close the file.**

**DONE** and **ORDERED** in Orlando, Florida on June 21, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[5]The ALJ is free to consider Plaintiff's activities, including her part time job, in evaluating her claim. *See* 20 C.F.R. §§ 404.1529, 416.929(c)(4). Moreover, although Plaintiff objects to the ALJ's determination that she had the RFC to perform a "full range of medium work except that she can never climb ladders, ropes or scaffolds, she can only occasionally balance, and she must avoid even moderate exposure to hazards" (Brief at p.16), this is not the RFC formulated by the ALJ (R. 28).